IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

OLLIE J. BARTON and KAY F.
GRANT,

    Plaintiffs,

v.                                                      Civil No. 04-1123 WJ/DJS

OXY USA, INC. and BP AMERICA
PRODUCTION COMPANY, f/k/a
AMOCO PRODUCTION COMPANY,

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT OXY USA, INC.'S MOTION FOR A MORE DEFINITE STATEMENT

THIS MATTER comes before the Court pursuant to Defendant OXY USA, Inc.'s Motion for a More Definite Statement [Docket No. 5]. Having reviewed the submissions of the parties and the applicable law, I find the motion is not well taken and will be denied.

Plaintiffs filed a Complaint alleging ownership of a mineral interest in real property. Plaintiffs allege they are the heirs of a half interest in oil, gas and mineral rights in real property, that Defendants have two producing carbon dioxide wells on land encompassing the real property in which Plaintiffs allege an interest, and that one of the wells is located on the real property in which they claim an interest. Plaintiffs contend that Defendants have failed and are continuing to fail to pay a share of production revenues from the wells. Plaintiffs allegations include that their interest is currently dependent on contemporaneous probate proceedings in state court. Among

Plaintiffs claims is a claim for declaratory relief. This claim requests declaratory relief with regard to "Plaintiffs' mineral interest and their entitlement to an accounting and payment of revenues in connection therewith."

Defendant OXY USA, Inc. filed an Answer in which they admit or deny each of the averments in the Complaint or state that they are without sufficient knowledge or information sufficient to form a belief as to the truth of the averment. With regard to the averments in Plaintiffs' Complaint specific to the claim for declaratory relief, Defendant OXY USA, Inc. denies that Plaintiffs are entitled to declaratory relief and moves for a more definite statement as to the declaration of rights sought by the Plaintiffs. Defendant BP America Production Company also filed an Answer to Plaintiffs' Complaint and denied Plaintiffs' allegations with respect to their request for declaratory relief.

Contemporaneously with its Answer, OXY USA, Inc. filed a motion for more definite statement with respect to Plaintiffs' claim for declaratory relief. OXY USA, Inc. argues that Plaintiffs' claim for declaratory relief is deficient because it does not specify the declarations that Plaintiffs are seeking.

Rule 12(e) permits a party to file a motion for a more definite statement when that party is permitted to file a response to a pleading, but the pleading is so vague or ambiguous that a response cannot reasonably be expected to be framed. Rule 12(e) specifies that a motion for more definite statement is made before interposing a responsive pleading. Motions for more definite statement made pursuant to Fed. R. Civ. P. 12(e) are generally disfavored in light of the liberal discovery provided under the federal rules, and such a motion may be granted only if a complaint is so vague or ambiguous that a defendant cannot reasonably determine the issues

requiring a response.  Peterson v. Brownlee, 314 F.Supp.2d 1150, 1155 (D. Kan. 2004); Shaffer v. Eden, 209 F.R.D. 460 (D. Kan. 2002).  The Federal Rules of Civil Procedure do not contemplate the pleading of all relevant facts in intimate detail, but merely a short and plain statement of a claim.  Fed. R. Civ. P. 8(a)(2); Swierkiewicz v. Sorema, 534 U.S. 506, 514 (2002); Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 132 (5th Cir.1959); Peterson 314 F.Supp.2d at 1156 (motion for more definite statement should not be granted merely because the pleading lacks detail; rather, the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission).  A motion for more definite statement "is used to provide a remedy only for an unintelligible pleading rather than a correction for lack of detail."  Frazier v. Southeastern Pennsylvania Transp. Auth., 868 F.Supp. 757, 763 (E.D.Pa.1994).  A motion for a more definite statement is not a substitute for discovery.  Franklin v. Shelton, 250 F.2d 92, 95-96 (10th Cir. 1957); Mitchell, 269 F.2d at 132.  Motion for more definite statement should not be granted merely because the pleading lacks detail; rather, the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission.

     Plaintiffs' claim for declaratory relief is not so vague or ambiguous that a response cannot reasonably be expected to be framed.  Defendant BP America Production Company was able to prepare and file an Answer.  Moreover, Defendant OXY USA, Inc. even filed an Answer.  Defendant OXY USA, Inc. can hardly argue that Plaintiffs' claim for declaratory relief is so vague that they cannot reasonably frame a responsive pleading after having filed a responsive pleading.  See Clark v. Associates Commercial Corp., 149 F.R.D. 629, 633 (D.Kan. 1993).  Accordingly, the motion will be denied.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendant OXY USA, Inc.'s Motion for a More Definite Statement [Docket No. 5] is hereby DENIED.

_____
UNITED STATES DISTRICT JUDGE