IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


**OLLIE J. BARTON and KAY F. GRANT,**

        Plaintiffs,

v.                                          CIV No. 04-1123 LH/DJS

**OXY USA, INC. and BP AMERICA PRODUCTION COMPANY, formerly known as AMOCO PRODUCTION COMPANY,**

        Defendants.


**MEMORANDUM OPINION AND ORDER NO. 1**

**THIS MATTER** comes before the Court on BP's Motion to Dismiss for Failure to Join Necessary and Indispensable Parties (Docket No. 45). BP's motion is brought pursuant to FED.R.CIV.P. 12(b)(7), based on the grounds that Plaintiffs have not joined certain parties alleged to be indispensable under FED.R.CIV.P. 19.

Rule 12(b)(7) provides that a party may file a motion based upon the failure to join a party under Rule 19 ("Joinder of Persons Needed for Just Adjudication"). When a Rule 12(b)(7) motion is filed, the Court applies the standards of Rule 19(a) to determine whether joinder is essential.[1] A case will be dismissed if there is an absent party under Rule 19, without whom complete relief cannot

---

[1] Because the Court has concluded that joinder is not essential in this case, it has conducted no analysis as to the feasibility of such joinder under Rule 19(b). *See, e.g., Snap-On Tools Corp. v. Mason*, 18 F.3d 1261, 1267 (5th Cir. 1994)(no need to apply Rule 19(b) standards when joinder is not mandated under Rule 19(a).

1

be granted or whose interest in the dispute is of such a nature that to proceed without that party could prejudice either that party or others. FED.R.CIV.P. 19(a)(1) and (2). Rule 19 provides for the joinder of parties who should or must take part in the litigation to achieve a just adjudication. *Lincoln Property Co. v. Roche*, 126 S.Ct. 606, 614 (2005)(citation omitted). For the reasons that follow, the Court concludes that complete relief and a just adjudication can be accorded among those already parties in this case, without joinder of the parties advocated by Defendant BP. Accordingly, Defendant BP's motion to dismiss shall be **denied**.

**Legal Standards**

The court will accept all of the pleader's well-pleaded factual allegations as true, and will draw all reasonable inferences in the pleader's favor. *See Trademark Retail, Inc. v. Apple Glen Investors, LP*, 196 F.R.D. 535, 536 n.2 (N.D.Ind.2000). The burden of proof lies with the party seeking the dismissal to demonstrate the "indispensable" nature of the absent party. *Citizen Band Potawatomi Indian Tribe v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994). The parties may produce affidavits and other materials to support their positions regarding the absence of a party under Rule 19. *Id*. The Court decides whether an absent party's interest in the litigation is sufficient to render it a necessary party under Rule 19(a). *See Cross Timbers Oil Company v. Rosel Energy, Inc*., 167 F.R.D. 457, n.1 (D.Kan.1996)(*citation omitted*).

**Discussion**

In support of its motion, Defendant BP has offered Exhibits A-D, which include a warranty deed, gas and mineral lease, a limited stipulation of mineral interests, oil and gas division orders, and

a title opinion – all relating to the mineral interests at issue in this case.  In response, Plaintiffs have offered four exhibits, also marked as Exhibits A-D, which include a warranty deed, personal representatives' mineral deeds, BP's supplemental responses to interrogatories and request for production, and a letter between counsel in the case.

The Court has considered these exhibits and the well pleaded allegations and concludes that the operative facts, for purposes of this motion are as follows:  Defendant BP fully paid all royalty payments due from the subject carbon dioxide ("$CO_2$") production on Section 27, Township 20 North, Range 34 East NMPM in Union County, New Mexico ("the subject lands") to Wilda Hutcherson, Michael Hutcherson and Marsha George ("the Hutchersons").  Plaintiffs own an undivided one-half interest in the minerals in the south half of the north half of Section 27[2].  The Hutchersons have an oil and gas lease covering the entire north half of Section 27, have signed division orders warranting they have title to the subject lands, and have accepted royalty payment for all $CO_2$ produced from the subject lands.  Although Defendants or their predecessors have produced large quantities of carbon dioxide pursuant to the lease, and have paid royalties to the Hutchersons for such production, Defendants have paid no royalties to Plaintiffs.

In this litigation, Plaintiffs seek to recover unpaid mineral revenues attributable to their mineral interest, and filed a Complaint for Accounting, Trespass, Conversion, Negligence, Oil and Gas Proceeds Payment Act Violation and Declaratory Relief (Docket No. 1).  Plaintiffs are suing BP America Production Company and Oxy USA, Inc., who are the successive operators of carbon

---

[2] For purposes of this motion, the Court assumes that Plaintiffs are owners of an undivided one-half interest in the minerals in the south half of the north half of Section 27.  This has not been disputed in the motion before the Court.  Obviously, if it is proven during the course of this litigation that Plaintiffs do not own such an interest in these mineral rights, their case will be dismissed.

dioxide wells on the subject lands. Defendant BP, since the mid-1980s, and Oxy, since 2000, produced and sold $CO_2$ from the subject lands and did not account to Plaintiffs for any of the revenues attributable to said $CO_2$.

Defendant BP contends that the Hutchersons are indispensable to this action because Defendants BP and Oxy have paid all royalties due under the lease to the Hutchersons; that the Hutchersons are liable to Plaintiffs for Plaintiffs' portion of royalties that they have yet to receive; and that complete relief between Plaintiffs and Defendants cannot be afforded without the presence of the Hutchersons, which makes them indispensable parties to this action.

The Court disagrees with Defendant BP's assessment of liability in this situation. Plaintiffs are not limited to recovering from the Hutchersons; they could recover from Defendants instead. By virtue of its payment of all royalties to Hutchersons, Defendant BP is not discharged of its potential liability to Plaintiffs for their rightful share of royalty payments. *See Williams v. Sinclair Refining Co.*, 39 NM 388 (1935)(lessee of mineral interests is not discharged of its liability to one cotenant by payment to another cotenant.)  Furthermore, as noted in the *Superior Oil* case, when an entity produces from property in which a party has an undivided one-half interest, it must account to that party for the share of mineral produced, less the necessary reasonable costs of producing and marketing the same. *Superior Oil Co. v. Roberts*, 398 S.W.2d 276, 277 (Tex. 1966). This would be true even in the absence of a contract between the producer and the party. *Id*. *See also Earp v. Mid-Continent Petroleum Corp.*, 27 P.2d 855, 858 (Okla. 1933)(lessee, upon execution and delivery of lease, becomes a tenant in common with the tenants in common of his lessor, and, upon production, is liable to account to the nonconsenting cotenant on the same bases as his lessor would have been compelled to account had production been accomplished by him).

Defendant BP's motion *assumes* that Plaintiffs' claims of owning a mineral interest are valid (BP's Mot. to Dismiss, p. 4) and, as noted above, argues that Plaintiffs should look for their share of production from the Hutchersons.  Despite this assumption, Defendant BP then argues that Plaintiffs are essential parties, because it is necessary in this lawsuit to determine Plaintiffs' interest in the property.  These are inconsistent arguments.  Accordingly, the Court has disregarded Defendant BP's citation to case law that involved determination of ownership rights of minerals in question, where the court found an absent party was a potential owner and deemed it to be an indispensable party to the litigation.  Any reliance on these cases is misplaced, for purposes of this motion at least, where Defendant PB does not dispute the validity of Plaintiffs' ownership in the mineral interests in question.

This critical distinction was noted in *Tardan v. California Oil Co.*, 323 F.2d 717, 721-23 (5th Cir. 1963) where the court drew a distinction for a money judgment related to wrongful removal of oil, gas or other minerals in the past (where the absent royalty claimants were dispensable) and an action involving title to lands or any interest therein (wherein the absent royalty claimants were indispensable).

The bottom line is that in general, subject only to the rules of joinder of necessary parties, Plaintiffs are the masters of the complaint.  16 J. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 107/14[2][c], p. 107-67 (3d ed. 2005).  Plaintiffs are not required to structure their case according to Defendants' specifications and have chosen not to sue the Hutchersons.  While it may be that Plaintiffs could recover from the Hutchersons, it is also true that they may recover from the parties they have chosen to sue, *i.e.* the Defendants.  In the event Plaintiffs prevail here, they may be afforded complete relief from Defendants for that portion of the royalties that Defendants should have paid

5

to them.  The fact that Plaintiffs could be granted complete relief without the presence of the Hutchersons leads to this Court's determination that joinder of the Hutchersons is not essential in this lawsuit.  If Plaintiffs prevail in the instant case, Defendants could then proceed in another forum against the Hutchersons to attempt to recoup some of the monies that the Hutchersons had been paid.[3]  This Court can properly render judgment in this matter without directly affecting the rights of persons not parties to this suit, in this case the Hutchersons.  *Mackintosh v. Estate of Marks*, 225 F.2d 211 (5th Cir. 1955);  *Estes v. Shell Oil Co.*, 234 F2d 847  (5th Cir. 1956).  While two forums would not be the most judicially efficient route[4], Defendants have failed to demonstrate the "indispensable" nature of the absent parties, and this failure of proof mandates denial of Defendant's motion.

**WHEREFORE**, for the reasons stated herein BP's Motion to Dismiss for Failure to Join Necessary and Indispensable Parties (Docket No. 45) is **denied**.  This case shall proceed in its current posture, with the original parties to the case.

**IT IS SO ORDERED.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[3]  The issue of the liability of the Hutchersons to Defendants is not before the Court however, in that Defendants have filed no third-party complaint against the Hutchersons.

[4] It is noteworthy that the "complete relief" provision of Rule 19 does not concern any subsequent relief via contribution or indemnification for which an absent party might later be responsible.  *Bedel v. Thompson*, 103 F.R.D. 78, 80 (S.D. Ohio 1984).  A plaintiff is under no duty to join all parties who might be jointly and severally liable.  *Id*. at 81.  *See also, A.J. Kellos Construction Co., Inc. v. Balboa Insurance Co*., 495 F.Supp. 408, 414 (S.D.Ga. 1980)(although state had legally protected interest in subject property, state not an indispensable party under Rule 19, where state had a right to proceed against contractor's performance bond).  Defendant BP's potential claim for indemnity against the Hutchersons by virtue of its mistakenly paying revenues to the Hutchersons that were owed to Plaintiffs is irrelevant to Plaintiffs' action.  Therefore, complete relief can be accorded without such joinder.