IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


**OLLIE J. BARTON and KAY F. GRANT,**

          **Plaintiffs,**

**v.**                                            **CIV No. 04-1123 LH/DJS**

**OXY USA, INC. and BP AMERICA PRODUCTION COMPANY, formerly known as AMOCO PRODUCTION COMPANY,**

          **Defendants.**


## MEMORANDUM OPINION AND ORDER NO. 3

**THIS MATTER** comes before the Court on Defendant OXY USA, Inc.'s Motion for Partial Summary Judgment on Plaintiffs' Claim of Trespass and Conversion (Docket No. 59)(hereafter "OXY motion"). The Court, having considered the motion, response and reply, as well as relevant case law, for the reasons that follow, concludes that the motion of Defendant OXY USA, Inc. shall be **granted** and that Counts Two and Three of Plaintiffs' complaint shall be dismissed.


## Overview

Count Two of Plaintiffs' complaint[1], entitled "Trespass," alleges that "Defendants entered the lands to which Plaintiffs' mineral interest pertains without authority and wrongfully removed $CO_2$

---

[1] The full title of this pleading is "Complaint for Accounting, Trespass, Conversion, Negligence, Oil and Gas Proceeds Payment Act Violation and Declaratory Relief" (Docket No. 1)(hereafter "the complaint").

therefrom without the permission of Plaintiffs in contravention of Plaintiffs' rights as mineral interest owners." (Compl., ¶ 20). Later paragraphs in Count Two seek recovery of different measures of damages, depending upon whether Defendants are found to be good faith trespassers or bad faith trespassers, and upon whether or not punitive damages are justified. (*Id*., ¶¶ 21, 22).

Count Three, entitled "Conversion," alleges that, through Defendants' actions in producing $CO_2$ from the Section 27 Lands and through failing to account to Plaintiffs for a share of $CO_2$ produced, Defendants have wrongfully exercised dominion and control over such $CO_2$ and its proceeds, to the exclusion of or in defiance of Plaintiffs' rights in the same. (*Id*., ¶ 24). Later paragraphs in Count Three seek recovery of different measures of damages, depending upon whether or not the alleged conversion was committed in good faith or in bad faith, and upon whether or not punitive damages are justified. (*Id*., ¶¶ 25, 26).

Plaintiffs claim to own a one-half mineral interest in a quarter section of land located in Union County, New Mexico ("the Subject Lands"). OXY is currently producing carbon dioxide from the Subject Lands, pursuant to a mineral lease from the owners of the other one-half mineral interest, the Hutchersons. For purposes of its motion, OXY assumes that Plaintiffs do in fact own a one-half mineral interest in the Subject Lands. Based upon this assumption, OXY argues that because OXY is a cotenant with Plaintiffs in the mineral estate, that OXY has the right to explore for, produce and develop the carbon dioxide, is not a trespasser, and cannot be liable to Plaintiffs for damages under a theory of conversion.

**Undisputed Material Facts**

The Court has carefully analyzed the "Undisputed Facts" section of OXY's motion in

conjunction with the corresponding section in Plaintiffs' response brief.  Based upon its comparison of these two sections, the Court concludes the following facts are undisputed:  Plaintiffs claim an interest in one or two of OXY's carbon dioxide producing wells in Union County, New Mexico, by virtue of a 1945 warranty deed (Ex. B to OXY motion).  By way of this deed, Plaintiffs' grandparents, Ernest and Hannah Cushman, conveyed their interests in lands located at Township 20 North, Range 34 East; Section 27: S/2N/2 (the "Subject Lands") to Alfredo Hutcherson, but retained one-half of "all oil, gas and mineral rights" in this quarter section of land.  Plaintiffs claim that this retained mineral interest passed to them via their grandparents' estates and the estates of their parents, J.D. Cushman and Francis Browning.

It is further undisputed that in 1971, Amoco Production Company ("Amoco") took oil, gas and mineral leases covering all of Section 27 from Claude Hutcherson as well as Leland Jacobs.  Amoco's lease with Jacobs covered the south half of Section 27, while Amoco's lease with Hutcherson covered, among other lands, the entire north half of Section 27.

It is further undisputed that, pursuant to the lease granted to Amoco by Claude Hutcherson, Amoco (and OXY, its successor in interest) were granted the right to investigate, explore, prospect, drill, mine and produce the carbon dioxide under the Subject Lands.  While admitting this fact however, Plaintiffs stress their position that Hutcherson only had the right to lease mineral rights actually owned by Hutcherson, and that Defendants' rights pursuant to the lease included a duty to account to non-leasing mineral cotenants. (Pltfs' Resp. Brief, ¶ 4, p. 3).

**Legal Discussion**

Based upon these undisputed facts, the Court concludes that  the Cushman's conveyance of

3

their interest in one-half of the mineral rights in the Subject Lands, while retaining a one-half interest in the mineral rights in the Subject Lands, created a tenancy in common in the mineral rights between the Cushmans and the Hutchersons.  Each party then owned an undivided one-half interest in the whole.  *Mullins v. Ward*, 712 P.2d 55, 62 (Okla. 1985)("The owners of an individual interest in a mineral estate are tenants in common.").

When Hutcherson granted Amoco the right to explore for and produce carbon dioxide from the Subject Lands, Amoco and Plaintiffs became cotenants in the mineral interest in the Subject Lands.  *See Williams v. Sinclair Refining Co.*, 39 N.M. 388, 400 (1935)(a lease of real property given by one cotenant creates a relationship of cotenancy between that cotenant's lessee and the non-contracting cotenant.)  *See also Earp v. Mid-Continent Petroleum Corp.*, 27 P.2d 855, 858 (Okla. 1933)(producing lessee is a cotenant with the cotenants of his lessors).  OXY, as successor-in-interest to Amoco, stepped into this role as cotenant with Plaintiffs.

The law concerning the rights between tenants in common is well established with respect to the development of a jointly owned undivided mineral interest.  A cotenant has the right to extract minerals from common property without first obtaining the consent of his fellow cotenants.  *Id.*  This is founded upon the distinctive legal relationship existing between cotenants –  each cotenant has a right to enter upon the common estate and a corollary right to possession.  *Id.*   This right to enter upon the joint property, to explore for, mine and market minerals is feasible because upon production, the lessee is liable to account to the nonconsenting or nonparticipating cotenant on the same basis that his lessor would have been compelled to account, had the production been accomplished by him.  *Prairie Oil & Gas Co. v. Allen*, 2 F.2d 566, 573 (8th Cir. 1924).

Given the Court's conclusion that OXY, by virtue of its lease with the Hutchersons, is a

cotenant in the Section 27 lands with Plaintiffs, it follows that OXY enjoys the right of reasonable use, benefit, and possession of the common property. *In re Estate of Duncan*, 133 N.M. 821, 825 (2003). That use includes the right to explore, produce and develop the carbon dioxide production. *Prairie Oil & Gas Co. v. Allen*, 2 F.2d at 57 3. Accordingly, OXY can not, as a matter of law, be a trespasser on the Section 27 lands and therefore summary judgment is appropriate as to OXY on Plaintiffs' claims for trespass.

Under this approach, it is illogical that OXY would be liable for conversion of carbon dioxide that, pursuant to its lease, it has the right to produce and sell. In New Mexico, conversion requires the "unlawful exercise of dominion and control over property belonging to another in defiance of the owner's rights, or acts constituting an unauthorized and injurious use of another's property, or a wrongful detention after demand has been made." *Sec. Pac. Fin Serv v. Signfilled Corp.*, 125 N.M. 38, 43 (Ct. App. 1998). Under the facts and law set forth herein, Defendants have not unlawfully exercised dominion and control over Plaintiffs' rights, however they may be liable to account to Plaintiffs for mineral royalties. *Prairie Oil & Gas Co. v. Allen*, 2 F.2d 566 at 573. As set forth in Memorandum Opinion and Order No. 4, Plaintiffs' claims for an accounting for carbon dioxide royalties remain in this lawsuit.

**Conclusion**

Issues raised in this motion affirms the need for the balancing of equities between cotenants. The difficult problems inherent in the joint ownership of mineral rights was discussed by the Court in *Cox v. Davison*, 397 S.W.2d 200 (Tex. 1965):

A tenant in common as an owner of the property is legally entitled to make such use of [the

5

property] as he sees fit, subject to those qualifications necessarily imposed by society for the promotion of the public good and those dictated by the qualities of the property and the characteristics of its ownership. The right of one cotenant to appropriate the property of another is sanctioned only because the mineral estate is such that necessarily the rights of one cotenant must be interfered with if another cotenant is to be permitted to exercise those rights properly belonging to him. As between the producing cotenant and the non-joining cotenant a balance of equities has been struck. The rule of accountability is the proportionate market value of the product less the proportionate necessary and reasonable costs of producing and marketing.

*Id*. at 203-04.


**WHEREFORE**, for the reasons stated herein, OXY USA, Inc.'s Motion for Partial Summary Judgment on Plaintiffs' Claim of Trespass and Conversion (Docket No. 59) is **granted**. Counts Two and Three of Plaintiffs' complaint are hereby **dismissed**.

**IT IS SO ORDERED.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**